Argued and submitted November 5, 2015, affirmed May 3, 2017

STATE OF OREGON
ex rel DEPARTMENT OF JUSTICE
and Jennifer D. Buck,
*Petitioners-Respondents,*

*v.*

Robert W. AKINS, Jr.,
*Respondent-Appellant.*

Lane County Circuit Court
170223291; A157536

395 P3d 921

Rogelio Cassol argued the cause for appellant. With him on the brief was Arnold Law.

Denise G. Fjordbeck, Assistant Attorney General, waived appearance for respondent State of Oregon ex rel Department of Justice.

No appearance for respondent Jennifer D. Buck.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

### ARMSTRONG, P. J.

Father appeals a judgment establishing a child support arrearage under ORS 25.167. He contends that the trial court erred by failing to give him a credit under ORS 107.135(7)(a)[1] against the arrearage, based on mother's acknowledgement that, for the entire period that the arrearage covered, father had 50 percent parenting time with the child on whose behalf father had been ordered to pay support. Because we conclude that the trial court could not give a credit to father for his parenting time under the terms of that statute, we affirm the judgment.

As an initial matter, we decline father's request to take *de novo* review, because this is not an exceptional case that merits that treatment. *See* ORAP 5.40(8). Accordingly, we state the pertinent facts that are undisputed, and, to the extent there are disputed pertinent facts, "we state them in accordance with the trial court's express and implied findings that are supported by evidence in the record." *Hunt and Hunt*, 238 Or App 195, 197, 242 P3d 682 (2010) (citing ORS 19.415(3)).

Father and mother, who never married, have one son together who was 16 years old at the time of the hearing in this matter. Mother obtained a judgment in November 2002 approving an administrative order of financial responsibility that required father to pay $317 per month as child support for the child "who is in the custody of [mother]." Although father was served with the filings, father did not respond or appear in the matter. In 2006, the state filed an enforcement action on mother's behalf for father's failure to pay child support between December 2005 and May

---

[1] ORS 107.135 provides, in part:

"(7) The judgment is final as to any installment or payment of money that has accrued up to the time the nonmoving party, other than the state, is served with a motion to set aside, alter or modify the judgment. The court may not set aside, alter or modify any portion of the judgment that provides for any payment of money, either for minor children or for the support of a party, that has accrued before the motion is served. However:

"(a) The court may allow a credit against child support arrearages for periods of time, excluding reasonable parenting time unless otherwise provided by order or judgment, during which the obligor, with the knowledge and consent of the obligee or pursuant to court order, has physical custody of the child[.]"

2006. The state dismissed that action at mother's request. Father claims that he and mother made an oral agreement that mother would claim the child as a dependent on her tax returns and, in return, father would not have to pay child support. Mother claimed that she made the agreement because she did not want father to go to jail, but that father was also supposed to pay for 50 percent of the child's expenses, which he did not do. Father claimed the child as a dependent on his 2013 tax return in violation of his oral agreement with mother.

In May 2014, the state filed the instant child support enforcement action on mother's behalf. Father had missed several child support payments between 2002 and 2006 and stopped making payments in October 2006, resulting in a $31,444.66 arrearage. Father objected and requested a hearing.

At the hearing, father testified that he and mother had always had a 50-50 parenting-time schedule, which father described as a consistent back-and-forth of equal overnights with the child. Mother agreed in general with father's description of their parenting-time agreement and testified that their goal was 50-50 parenting time with the child.

At the hearing, father argued that the 2002 support order failed to give him credit for parenting time and that, as a result, under ORS 107.135(7)(a), the trial court should give him credit against his arrearage for that time. The amount of the credit that father requested was calculated by going back to the 2002 child support worksheet and recalculating his support obligation with 50-50 parenting time. The state responded that the credit authorized by ORS 107.135(7)(a) applies only when the parent has full-time physical custody of the child, and not when there is 50-50 parenting time. The state further argued that father was seeking an impermissible retroactive modification of the 2002 child support order.

The trial court took judicial notice that the 2002 child support order did not give father credit for parenting time. However, the court ruled that what father sought was "a backdoor way of getting a modification that is retroactive,"

which would be impermissible under the applicable statutes and case law. The court noted that the reason that the child support amount had not been correctly calculated was because father had failed to respond to the original filings, and, hence, had failed to timely contest the amount. The court entered a judgment of child support arrears against father in the full amount of $31,444.66. Father appeals that judgment, reasserting that the trial court should have credited his 50 percent parenting time against the amount in arrears.

The judgment in this case was entered under ORS 25.167, which establishes the procedure for determining child support arrears. Under that statute, a trial court's authority is limited to considering the amount of the arrearage; a court cannot consider objections to the merits of the support judgment. *See* ORS 25.167(2)(f). Thus, "[t]he court has no authority to determine issues outside that narrow confine, and it is expressly prohibited from considering objections going to the merits of a support judgment, including whether it should be retroactively modified." *Hunt*, 238 Or App at 199. Additionally, because father did not file a motion to modify the child support obligation until after this action commenced, the trial court did not have authority to reduce father's monthly support obligation in determining father's child support arrears. ORS 107.135(6), (7); *see also Hunt*, 238 Or App at 198 (so stating).

Father does not dispute those well-established principles. Instead, he contends that the trial court erred when it refused to exercise its discretion to give him a credit under ORS 107.135(7)(a), because he had "physical custody" of the child 50 percent of the time.

We disagree with father's reading of the statute. The statute provides that the court may allow a credit against child support arrearages "for periods of time, excluding reasonable parenting time unless otherwise provided by order or judgment, during which the obligor, with the knowledge and consent of the obligee or pursuant to court order, has physical custody of the child." ORS 107.135(7)(a). Father's reading of the statute disregards that a court cannot allow a credit for "reasonable parenting time." Father is explicitly

seeking a credit for his parenting time. It does not matter that his parenting time includes periods of overnight physical custody, because it is the nature of most parenting-time agreements that each parent has periods of overnight physical custody of the child. If having a child overnight were the metric to trigger the "physical custody" credit in ORS 107.135(7)(a), then the text excluding "reasonable parenting time" would largely be meaningless. Rather, the metric that triggers a court's discretion to allow a credit must be whether the physical custody is something more than "reasonable parenting time" because *that* is the distinction presented by the statutory text.

The 50-50 parenting-time arrangement that father and mother appeared to have agreed to—a consistent back-and-forth schedule of equal overnights with the child—does not implicate anything other than "reasonable parenting time." Father does not assert that he had physical custody of the child for any extended period, such that it was more than a reasonable amount of parenting time, or that mother gave up any of her parenting time with the child in favor of the child staying with father. We need not decide in this case what "physical custody" under the statute must look like such that a court could allow a credit, because the facts of this case do not implicate anything more than the reasonable parenting time that is excluded from receiving a credit under the statute. Here, the trial court could not have exercised its discretion under the statute to give father a credit against his child support arrearage, and, thus, we affirm the judgment of the trial court.

Affirmed.